**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J&J Sports Productions Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Adrian Mosqueda, individually and doing business as Adrian's Restaurant,<br><br>Defendant. | No. CV-12-0523 PHX DGC<br><br>**ORDER** |

Plaintiff filed a Rule 12(f) motion to strike on June 21, 2012. Doc. 14. Plaintiff appropriately filed this motion seventeen days after Defendant filed his answer. Fed. R. Civ. P. 12(f)(2). Defendant did not file a response until February 4, 2013. Doc. 22. Plaintiff seeks to strike all four of Defendant's affirmative defenses. Doc. 14. For the following reasons, the motion will be granted in part and denied in part.[1]

**I.     Motion to Strike.**

Under Rule 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues

---

[1] The Court notes that under this Court's local rules, Defendant had fourteen days after service of the motion to file a responsive memorandum. LRCiv 7.2(c). Because of Defendant's failure to comply with Local Rule 7.2(c), this Court has discretion under Local Rule 7.2(i) to grant Plaintiff's motion summarily. LRCiv 7.2(i). The Court nonetheless will address the motion on the merits.

before trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally regarded with disfavor, as they involve a drastic remedy and may be used as a "dilatory or harassing tactic." 5C C. Wright, A. Miller, et al., *Federal Practice & Procedure* § 1380 (3d ed. 1998); *see also Torres v. Goddard*, No. CV-06-2482-PHX-SMM, 2008 WL 1817994, at *1 (D. Ariz. Apr. 22, 2008).

"An affirmative defense is a defense that does not seek to negate the elements of the plaintiff's claim, but instead provides a basis for avoiding liability even if the elements of the plaintiff's claim are met." S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary* 141 (2012 ed.). This Court may strike an affirmative defense if it fails to give "fair notice" of the defense or if it is insufficient as a matter of law. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).[2]

**II.   Analysis.**

   **A.   First Affirmative Defense.**

Defendant's first affirmative defense "alleges that the Complaint fails to state a claim upon which relief can be granted." Doc. 11 at 2. This is not a proper affirmative defense, as it simply asserts a defect in Plaintiff's claim without further explanation. *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1176 (N.D. Cal. 2010) (citing *Boldstar Tech, LLC v. Home Depot, Inc.,* 517 F. Supp. 2d 1283, 1291–92 (S.D. Fla. 2007)). There is no fair notice of how Plaintiff has failed to state a claim. The Court will strike Defendant's first affirmative defense.

   **B.   Second & Third Affirmative Defenses.**

Defendant's second and third affirmative defenses are quotations from statutes.[3]

---

[2] Defendant argues that heightened pleading standards should apply to affirmative defenses. This Court has previously held, however, that heightened pleading standards do not apply to affirmative defenses. *See Ameristar Fence Prods., Inc. v. Phoenix Fence Co.*, No. CV-10-299-PHX-DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010).

[3] As his second affirmative defense, Defendant quotes 47 U.S.C. § 605 as stating "that an aggrieved party may recover statutory damages in a sum of not less than $1,000.00 or more than $10,000.00, as the court considers just." *Id.* at § 605(e)(3)(C)(i)(II). As his third affirmative

These statutes specify the appropriate damages for violations of the statute. Defendant argues that these quotations are proper affirmative defenses because they show that Plaintiff is limited in his damages unless he can prove that Defendant acted intentionally. Doc. 22 at 3. The Court agrees, and concludes that these defenses provide Plaintiff with fair notice of the basis for Defendant's argument. The Court will deny Plaintiff's motion to strike the second and third affirmative defenses.

### D.  Fourth Affirmative Defense.

Defendant's fourth affirmative defense is a reservation of "the right to amend this Answer at a later time to assert any matter constituting an avoidance or affirmative defense including, without limitation, those matters set forth in Rule 8(c) . . . as discovery shows to be applicable." Doc. 11 at 3. This is not an affirmative defense because it provides no basis for avoiding liability. *See E.E.O.C. v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010). The Court will strike Defendant's fourth affirmative defense.

### E.  Leave to Amend.

Defendant seeks leave to amend his answer and affirmative defenses. Doc. 22 at 3. This request was made well after the deadline established by the Court for amending pleadings (Doc. 20), and may therefore be permitted only if Defendant shows "good cause" for modifying the deadline. Fed. R. Civ. P. 16(b)(4). Good cause primarily considers the diligence of the party seeking to modify the litigation schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Given the fact that Plaintiff filed its motion to strike in June of 2012 and Defendant failed to respond and seek amendment until February of 2013, the Court concludes that he has not been diligent and has not satisfied the good cause standard. The Court therefore will not extend the deadline for amending pleadings.

---

defense, Defendant quotes 47 U. S. C. § 553 as stating "that in any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $100.00." *Id.* at § 553(c)(3)(C).

**IT IS ORDERED** that Plaintiff's motion to strike Defendant's affirmative defenses (Doc. 14) is **granted in part and denied in part** as set forth above. Defendant's request for leave to amend his answer (Doc. 22) is **denied.**

Dated this 12th day of March, 2013.

*David G. Campbell*
United States District Judge