WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., | No. CV-12-00523-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Adrian Mosqueda, individually and d/b/a Adrian's Restaurant, | |
| Defendants. | |

Plaintiff J & J Sports Productions Incorporated has filed a motion for award of costs and attorneys' fees. Doc. 35. The motion is fully briefed. For the reasons that follow, the Court will deny Plaintiff's motion.

**I.   Background.**

A boxing match titled *"The Event": The Manny Pacquiao v. Joshua Clottey WBO Welterweight Championship* ("the Program") was telecast nationwide on March 13, 2010. Doc. 25-1 ¶ 1; Doc. 26 at 2. Plaintiff owned the exclusive commercial distribution rights to the Program, including undercard events and all color commentary. Doc. 25-1 ¶ 2. Plaintiff's investigator, Frank Balkom, Sr., observed the Program being displayed at Adrian's Restaurant on March 13, 2010. *Id.* ¶ 7. Defendant did not pay a commercial licensing fee to Plaintiff to broadcast the Program (Doc. 25-1 ¶ 4; Doc. 26 at 2), and did not have permission from Plaintiff to broadcast the Program at Defendant's commercial establishment (Doc. 25-1 ¶ 5; Doc. 26 at 2). The Court granted Plaintiff's motion for summary judgment (Doc. 25) with respect to all claims except the claim under § 553,

which it denied as moot (Doc. 33 at 7), and ordered Defendant to pay damages.  Doc. 33 at 8.

**II.    Legal Standard.**

Pursuant to Local Rule 54.2(b), a party seeking to recover attorneys' fees must file and serve a motion "within fourteen (14) days of entry of judgment in the action with respect to which the services were rendered."  LRCiv 54.2(b)(1).  At a minimum, the motion must specify the applicable judgment and the statutory or contractual authority entitling the party to the award, and the amount of attorneys' fees and related non-taxable expenses sought or a fair estimate of such amount.  LRCiv 54.2(b)(1)(A)-(B).

The party seeking attorneys' fees must also file and serve a memorandum in support of the motion and all supporting documentation.  LRCiv 54.2(b)(2).  The supporting memorandum must include a discussion of eligibility, entitlement, and the reasonableness of the requested award.  LRCiv 54.2(c)(1)-(3).  Local rule 54.2(c) sets forth the issues, factors, and legal authority that must be addressed in the memorandum's separate eligibility and entitlement sections.  LRCiv 54.2(c)(1)-(2).  A party seeking to recover fees must also attach supporting documentation to the memorandum, including (1) a statement of consultation; (2) "a complete copy of any written fee agreement, or a full recitation of any oral fee agreement"; (3) a task-based itemized statement of fees and expenses; (4) an affidavit of moving counsel; and (5) "[a]ny other affidavits or evidentiary matter deemed appropriate under the circumstances or required by law."  LRCiv 54.2(d)(1)-(5).  The subsection requiring a statement of consultation, provides:

> No motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees or that the moving counsel has made a good faith effort, but has been unable, to arrange such conference.  The statement of consultation shall set forth the date of consultation, the names of the participating attorneys and the specific results or shall describe the efforts made to arrange such conference and explain the reasons why such conference did not occur.

LRCiv 54.2(d)(1). Finally, the affidavit of moving counsel must at a minimum, set forth the background by providing a brief description of the relevant qualifications, experience and case-related contributions of each attorney for whom fees are claimed; a full discussion of the reasonableness of rates, including any fee arrangement and any fees paid pursuant to such arrangement; and a full discussion of the reasonableness of time spent and expenses incurred. LRCiv 54.2(d)(4)(A)-(C).

**III. Analysis.**

**A.     Investigator Costs.**

Plaintiff seeks to recover investigator fees and expenses. Specifically, Plaintiff believes that investigative expenses are "other items" within the contemplation of the Local Rule. Doc. 35 at 2; LRCiv 54.1(e)(10). The Court does not agree. Local Rule 54.1(e)(10) applies to "[o]ther items [that] may be taxed with prior court approval." Plaintiff does not contend that it obtained prior court approval to tax its investigator fees or expenses.

Plaintiff seeks to recover $510.00 in costs attributed to fees of the clerk and fees for service of summons and subpoena. Doc. 35 at 5. These costs are recoverable under the Local Rule. LRCiv 54.1(e)(1).

**B.     Attorneys' Fees.**

Plaintiff prevailed on its claim under 47 U.S.C. § 605, and Defendant does not dispute that Plaintiff is entitled to recover reasonable attorneys' fees. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff seeks an award of $6,656.25. Due to significant deficiencies in Plaintiff's motion, however, the Court will award no fees.

Plaintiff admits in its brief that "no consultation with respect to the fees requested herein occurred." Doc. 38-1 at 3. Local Rule 54.2 specifically states, however, that no motion for an award of attorneys' fees "will be considered" unless a separate statement of moving counsel certifies to prior consultation. LRCiv 54.2(d)(1). Because Plaintiff failed to engage in the required consultation, its motion for fees will not be considered.

Plaintiff also fails to justify the reasonableness of its request. Of the thirteen

factors identified by the Local Rule, Plaintiff discusses only two. *See* LRCiv 54.2(c)(3). In fact, the only guidance Plaintiff provides the Court in ascertaining the reasonableness of attorneys' fees is a single sentence: "Commercial piracy is a highly specialized field of law, and Plaintiff's counsel has specialized in the civil litigation of such claims since 1994." Doc. 38 at 2. Plaintiff fails to supply an affidavit that complies with Local Rule 54.2(d)(4). The rule requires a movant to set forth "[a] brief description of the relevant qualifications, experience and case-related contributions of each attorney for whom fees are claimed." LRCiv 54.2(d)(4)(A). Plaintiff's affidavit sets forth the qualifications and contributions of Thomas P. Riley, but it is silent as to any other attorney for whom fees were claimed even though $3,900 in fees – over half – were claimed for an unnamed attorney's work. The affidavit also ignores the burden imposed on Plaintiff to convince this Court of the reasonableness of time spent and expenses incurred litigating the matter. LRCiv 54.2(d)(4)(C).

There are also serious problems with the time-based itemized statement of fees submitted by Plaintiff. The rule requires that all time entries for legal research "identify the specific legal issue researched and, if appropriate, should identify the pleading or document the preparation of which occasioned the conduct of the research. Time entries simply stating 'research' or 'legal research' are inadequate and the court may reduce the award accordingly." LRCiv 54.2(e)(2)(B). Practically every time entry submitted by Plaintiff is deficient under this rule. This shortcoming is particularly problematic in this case because Plaintiff prevailed on two theories: a § 605 claim for which Plaintiff could recover attorneys' fees, and a conversion theory for which Plaintiff could not recover attorneys' fees. Doc. 33 at 2-7. Failure to delineate which hours were billed for which theory makes it impossible for the Court to determine the proper award. In addition, Plaintiff's request includes $636.75 in fees for the work of an administrative assistant. Doc. 38-1 at 3. Although this individual occasionally engaged in substantive legal work under a lawyer's supervision, most of the work is secretarial in nature. *See* Doc. 35 at 17-22. Secretarial or clerical work is not properly included in an award of attorneys' fees.

- 4 -

*See Schrum v. Burlington N. Santa Fe Ry. Co.*, No. CIV 04-0619, 2008 WL 2278137, at *12 (D. Ariz. May 30, 2008).

In short, Plaintiff's motion fails to comply with substantially all the requirements of Local Rule 54.2. The Court will therefore deny the motion.

**IT IS ORDERED** that Plaintiff's motion for award of costs and attorneys' fees (Doc. 35) is **granted in part and denied in part**. $510.00 is awarded for costs attributed to clerk's fees and fees for service of summons and subpoena, but Plaintiff may not recover investigative fees. Plaintiff is not entitled to attorneys' fees.

Dated this 24th day of September, 2013.

_____
David G. Campbell
United States District Judge